San Marco Shop, Inc. v. Commissioner.
San Marco Shop v. Commissioner
Docket No. 39738.
United States Tax Court
1953 Tax Ct. Memo LEXIS 170; 12 T.C.M. (CCH) 843; T.C.M. (RIA) 53254; July 22, 1953
*170 Joseph S. Wilensky, Esq., 202 Law Exchange Building, Market and Forsyth Streets, Jacksonville, Fla., for the petitioner. A. F. Barone, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined deficiencies in petitioner's income taxes of $2,841.20 and $1,875.22 for the taxable years ended July 31, 1949 and July 31, 1950, respectively. Certain adjustments are not contested. The remaining questions are (1) Whether alleged salaries paid to two of petitioner's officers in each year were properly disallowed in their entirety as being distributions of earnings to stockholders; (2) whether legal fees deducted in each year were properly disallowed as being organizational expense; and (3) whether an alleged "repair" deduction in the first year in controversy was properly disallowed as being a capital expenditure. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner is a corporation organized under the laws of the State of Florida on August 16, 1948. Federal income tax returns were filed on its behalf for the fiscal years in controversy with the collector for the district of Florida. *171 During the periods in controversy, petitioner was engaged in business as a retailer of women's ready-to-wear apparel and specialty shop in Jacksonville, Florida. Its officers and stockholders were as follows: Herman Jackson
President
49 Shares
Joseph S. Wilensky
Treasurer
50 Shares
Frances Wilensky
Secretary
1 Share Joseph S. and Frances Wilensky are husband and wife. Joseph S. Wilensky had no prior training or experience in a business of this nature. Frances Wilensky was thoroughly experienced in all phases of the women's ready-to-wear business. She had been associated with such businesses for about 20 years. Prior to August 16, 1948 Herman Jackson individually owned petitioner's predecessor. He also owned a dry cleaning establishment located a few doors away from petitioner. Jackson devoted most of his time to the dry cleaning establishment and was unable to give petitioner's predecessor adequate personal attention. He employed general managers to operate it. That arrangement proved unsuccessful, and its business deteriorated. Jackson succeeded in obtaining Frances Wilensky's full-time services as manager by offering her and her husband a controlling *172 interest in the business. This was accomplished by incorporating petitioner and transferring to it the business, which had assets valued at $21,120, 51 of petitioner's 100 shares of stock being assigned to Joseph S. and Frances Wilensky for a consideration of $4,000. Joseph S. and Frances Wilensky and Herman Jackson, the sole stockholders of petitioner attended corporation meetings on September 25, 1948, August 1, 1949 and July 31, 1950 and the minutes of these meetings read in part as follows: "September 25, 1948 "It was moved, seconded and carried unanimously that Mr. Herman Jackson and Mr. Joseph S. Wilensky receive as compensation for their services, both as officers and Directors ($6,000.00) each, said salaries to be paid at the end of the fiscal year on July 31, 1949, providing the corporation earned an amount sufficient to pay said salaries. "It was moved, seconded, and carried unanimously that Mrs. Frances Wilensky receive as compensation for her services, both as an officer and Director of the Corporation, the sum of Seven Hundred Dollars ($700.00), said salary to be paid at the end of the fiscal year on July 31, 1949, providing the corporation earned an amount sufficient *173 to pay said salary. "It was moved, seconded, and carried unanimously to pay Mrs. Frances Wilensky the sum of Sixty Dollars ($60.00) per week plus ten per cent (10%) of the net profit earned by the corporation. The net profit earned to be calculated before Mr. Jackson's and Mr. Wilensky's salaries were deducted, as compensation for her services as manager of the San Marco Shop, Inc. "August 1, 1949 "It was moved, seconded, and carried unanimously that Mr. Herman Jackson and Mr. Joseph S. Wilensky receive as compensation for their services, both as officers and Directors of the Corporation, the sum of Six Thousand Dollars ($6,000.00) each, said salaries to be paid at the end of the fiscal year on July 31, 1949, providing the corporation earned an amount sufficient to pay said salaries. "It was moved, seconded, and carried unanimously that Mrs. Frances Wilensky receive as compensation for her services, both as an officer and Director of the Corporation, the sum of Seven Hundred Dollars ($700.00), said salary to be paid at the end of the fiscal year on July 31, 1949, providing the corporation earned an amount sufficient to pay said salary. "It was moved, seconded, and carried *174 unanimously to pay Mrs. Frances Wilensky the sum of One Hundred Dollars ($100.00) per week plus ten per cent (10%) of the net profit earned by the corporation. The net profit earned to be calculated before Mr. Jackson's and Mr. Wilensky's salaries were deducted, as compensation for her services [services] as manager of the San Marco Shop, Inc. "July 31, 1950 "Mr. Jackson stated that the earnings of the corporation had not been sufficient to pay the salaries of Six Thousand Dollars ($6,000.00) each to Mr. Herman Jackson and Mr. Joseph S. Wilensky, previously voted upon favorably. "It was moved, seconded, and carried unanimously to pay Mr. Herman Jackson and Mr. Joseph S. Wilensky the sum of Four Thousand Dollars ($4,000.00) each as compensation for their services, both as officers and Directors of the corporation, during the fiscal year ending July 31, 1950. "Mr. Jackson stated that the earnings of the corporation had not been sufficient to pay the salary of Seven Hundred Dollars ($700.00) to Mrs. Frances Wilensky, previously voted upon favorably. It was moved, seconded, and carried unanimously that Mrs. Wilensky receive no salary for her services as an officer and Director *175 of the Corporation for the fiscal year ending July 31, 1950." Frances Wilensky's weekly salary for her services as general manager during the period under consideration was actually paid at the end of each week. The officers' salaries authorized for Herman Jackson, Joseph S. and Frances Wilensky being contingent upon petitioner's earnings, they were not paid until the end of each fiscal year. The net income of the corporation after payment of the officers' salaries was as follows: Fiscal Period Ended
Net Income
July 31, 1949
$199.54
July 31, 1950
222.50
Gross profit on sales was as follows: Fiscal year ended
July 31, 1949
Sales
$104,216.83
Cost of sales
91,349.67
Gross profit on
sales
$12,867.16
July 31, 1950
Sales
$96,444.62
Cost of sales
85,854.54
Gross profit on
sales
$10,590.08
As general manager Frances Wilensky was actively in charge of all the important phases of the business and devoted her full time to it. During the period in controversy Joseph S. Wilensky was engaged in the practice of law and also participated in various real estate transactions. In addition, he performed services of a miscellaneous *176 nature for petitioner, including services as cashier, errand boy and mailing clerk. During the period in controversy Jackson owned and operated his dry cleaning establishment under the name "Herman Jackson's Dry Cleaning" a few doors away from petitioner. A majority of Jackson's time was devoted to the operation of his dry cleaning business. His work on behalf of both his dry cleaning business and petitioner was done primarily in an office adjacent to the dry cleaning establishment. A valuable service performed on behalf of petitioner consisted in making available the services of one of the employees of his dry cleaning establishment to press dresses requiring pressing prior to being offered for sale. The employee performing this service was capable of pressing three hundred dresses per day. This service was made available by Jackson without charge. Subsequent to the year 1950, Jackson sold all of his stock in petitioner to Joseph and Frances Wilensky, and is no longer connected with petitioner. Since that time, petitioner's volume of business has expanded greatly. The services rendered to petitioner by Jackson and by Joseph and Frances Wilensky as officers did not materially *177 contribute to its success during the perod in controversy. The services performed by Frances Wilensky as manager were vital and a significant factor in petitioner's successful operations. Joseph S. Wilensky did not charge petitioner any legal fee for organizing petitioner and drawing its charter. Petitioner paid Wilensky $500 for his services as general counsel in each of the periods in controversy. Petitioner purchased a compressor for an air conditioning unit during the year 1949 for $325. The compressor became unusable and was replaced during the same year. The amount of $1,000 is allowable to petitioner as reasonable deductions for each of the salaries paid to Herman Jackson and Joseph S. Wilensky for services performed as officers of petitioner during each period in controversy. The amount of $500 paid by petitioner to Joseph Wilensky as legal fees in each of the periods in controversy is properly deductible in each period as ordinary and necessary expense. The amount of $325 paid by petitioner for an air conditioning unit compressor which became worthless during the same year is properly deductible during that year. Opinion The three issues involve only factual *178 questions. They are disposed of by our findings. The outcome in each instance is based upon the facts as they appear in the record. The detailed findings follow generally those proposed by respondent in accordance [1] with Tax Court Rule 35 (e) (3), there having been no requested findings submitted on behalf of petitioner. Decision will be entered under Rule 50. Footnotes
1. "If the other party disagrees with any or all of the statements of fact, he shall set forth each correction which he believes the evidence requires * * *."↩